IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CATHERYNNE PRYOR KENDRICK                                                    PLAINTIFF

V.                           NO. 5:08-cv-5192-JLH

DUSTIN McDANIEL
Attorney General for the State of Arkansas                                   DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the undersigned for Report and Recommendation is the Petitioner's petition for Habeas Corpus pursuant to 28 U.S.C. Section 2254 (Doc. 1) filed August 26, 2008. . An order granting permission to proceed in forma pauperis was entered on August 26, 2008 but no service was directed. (Doc. 3)

**I. Background:**

The Petitioner is currently an inmate at the Arkansas Department of Correction, McPherson Women's Unit, under sentences from Benton County Circuit Court and Washington County Circuit Court for felony violations of the Arkansas Hot Check Law for check written in 2003. The Petitioner filed her first Habeas petition in regards to these two convictions on September 16, 2005. (**Kendrick v. Norris, 5:5-cv-05161-JLH**)   That petition was dismissed with prejudice on April 13, 2006. (Doc. 17)  The Petitioner filed her second Habeas petition under 28 U.S.C. Section 2241 on February 21, 2007 contending her innocence to the original hot check charge that she pleaded to in May of 2004 in case number2004-393 in Benton County. (**Kendrick v. Norris, 5:07-cv-05030**) That petition was dismissed on May 30, 2007. (Doc. 10)

The Petitioner brought another Habeas action under 28 U.S.C. Section 2241 in 5:08-CV-05151-JLH claiming that the  conviction in April 2003 by the Siloam Springs Division of the

Benton County District Court finding her guilty of a misdemeanor violation of the Arkansas Hot Check Law was unconstitutional because she did not write the checks. (Doc. 1, page 1-2)

A Report and Recommendation was issued on July 28 recommending that the Habeas petition be dismissed (Doc. 5, Case 08-5151) but the District Court has not made any ruling yet in regards to the petition.

The Petitioner brought another Habeas action under 28 U.S.C. section 2241 in 5:08-cv-5152 claiming that the conviction by the Springdale District Court finding her guilty of a misdemeanor violation of the Arkansas Hot Check Law was unconstitutional because she did not write the checks. An Order was entered dismissing that petition on August 29, 2008. (Doc. 6)

The Petitioner now brings this action contending that the conviction by the Prairie Grove District Court, entered on April 8, 2002 finding her guilty of a misdemeanor and sentencing her to a fine and community service, has been satisfied. This contention seems to stem from a printout dated May 25, 2007 entitled "Washington County Sheriff's Office, Inmate Charge Detail". (Doc. 1, p. 21)

## II. Discussion:

**A. Custody:**

The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. section 2254(a)

It does not appear that petitioner is in custody on the sentence imposed by District Court of Prairie Grove. The Petitioner is incarcerated at the Arkansas Department of Correction for two felony convictions for violation of the Arkansas Hot Check Law. One is case number CR-2002-

480 from Benton County and the other is case number CR-2003-1723 from Washington County. She received a sentence of 120 months on the Benton County charge and 36 months on the Washington County charge. The maximum sentence on a misdemeanor charge would have been one year, (Ark. Code Anno., section 5-4-401 (b)(1)) and any jail time would have been satisfied by the sentence the petitioner received to the Arkansas Department of Correction in a subsequent felony conviction. (Ark. Code Anno., section 5-4-403 (c)(1))

The Petitioner was not sentenced to jail by District Judge, nor was she placed on any type of suspended imposition of sentence. Even if the defendant were "in custody" for purposes of the statute the petition would still fail for the reasons stated below.

**B:  Exhaustion of State Remedies:**

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)

(I) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. section 2254(b)

The District Court imposed sentence on the petitioner in April or May, 2002. It appears that may have been the result of a plea of no contest by the Petitioner. (Doc. 1, p.2) The Petitioner had a right to appeal the decision of the District Court to the County Circuit Court. See ARCr.P, Rule 36(a)  While the Petitioner states that she did appeal the District Judges decision (Doc. 1, page 3) there is no indication that she did so. Any appeal to the County Circuit Court would have been tried de novo in the circuit court as if no judgment had been entered. See ARCr.P, Rule

36(g) The appeal to have been effective would have had to have been filed within 30 days of May 25, 2004.  See ARCr.P, Rule 36(b) The clearest evidence that no appeal was taken is that the Petitioner is complaining about the acts of the state District Judge and not the state Circuit Judge.

**C. Statute of Limitations:**

The Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. 104-132, 110 Stat. 1214 (1996), established a one year statute of limitations for federal habeas corpus petitions brought by state prisoners. 28 U.S.C. § 2244(d)(1). The time during which a "properly filed" application for state post conviction relief is pending tolls the limitation period, however. 28 U.S.C. § 2244(d)(2). *Jackson v. Ault*, 452 F.3d 734,C.A.8 (Iowa),2006.

As stated above the Petitioner's appeal would have had to have been filed within 30 days of May 21, 2002.  See ARCr.P, Rule 36(b) Since there is no evidence of appeal the judgment became final for the purposes of the running of the statute of limitations on June 21, 2002.  Any habeas petition would have to have been filed on or before June 21, 2003.

The one year AEDPA limit for federal habeas filing cannot be tolled after it has expired. *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir.2003)

A prisoner whose petition is belatedly filed may take advantage of equitable tolling where **extraordinary** circumstances beyond his control make it impossible for him to file a petition on time or when the action of the respondent lulled him into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805 (8thCir. 2001). In general, neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. *Turner v. Johnson*, 177F.3d 390, 392 (5th Cir. 1999). See *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000, cert. denied, 534 U.S. 863 (2001) (equitable tolling not warranted in case of unrepresented prisoner alleging lack of legal knowledge

or legal resources). In addition "[i]neffective assistance of counsel generally does not warrant equitable tolling." *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir.2002).  The Petitioner has not asserted any such grounds as the basis for her failure to properly file the petition. (Doc. 1, page 2)

The Petitioner has not asserted a claim of actual innocence.

### III. Conclusion:

Based upon the forgoing the court finds that the claim, filed under 28 U.S.C. Section 2254, is barred because the Petitioner is not in custody, did not exhaust her state remedies and by the limitations set forth in 28 U.S.C. 2244 (d) and should be be dismissed with prejudice and that no service should be issued.

**The Petitioner shall have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 1st day of November 2008

                                              /s/ J. Marschewski
                                              HONORABLE JAMES R. MARSCHEWSKI
                                              UNITED STATES DISTRICT JUDGE